# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Brandon Vernon Cole, # 319318,** ) | Case No. 2:16-cv-3548-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Alma White, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This is a civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at Manning Correctional Institution in South Carolina. He is proceeding *pro se* and *in forma pauperis*. After three proper form orders, this case is now in proper form. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Amended Complaint DE# 6) be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

## I. The Present Lawsuit

### A. Parties

Plaintiff is a state prisoner currently serving a two and one-half year sentence for credit card fraud.[1] He has a projected release date of February 21, 2017. Plaintiff filed a complaint under 42 U.S.C. § 1983, which he amended on December 1, 2016. (DE# 6, "Amended Complaint" totaling 68 pages with attachments). In his Amended Complaint, Plaintiff sues the following five defendants: (1) Alma White (Clerk of Court); 2) Alicia Richardson (Deputy Solicitor); 3) Albert

---

[1] See http://public.doc.state.sc.us/scdc-public/inmateDetails. Site checked February 1, 2017.

Kohut (Law Enforcement Officer); 4) John Benso (Magistrate Judge); and 5) Wyn Bessent (Public Defender). (DE# 6).[2] Plaintiff indicates that he is suing them in their official and individual capacities. (*Id*. at 4, ¶ I(B)).

### B. The Amended Complaint's Allegations

The allegations of Plaintiff's Amended Complaint are rather difficult to follow. The gist of the Amended Complaint is that Plaintiff is complaining of an alleged date discrepancy in his state court paperwork, which Plaintiff characterizes as "fraudulent" behavior by the defendants. According to Plaintiff, Judge Benso had signed an arrest warrant for forgery charges against Plaintiff on 10/26/2015. Plaintiff contends that Officer Kohut indicated in his report that "on 10/27/2015 … I served said warrant on the defendant who was being housed the GCOC on unrelated charges." (DE# 6 at 6). Plaintiff alleges that Officer Kohut "lied in his case report" because several court forms (a hearing notice and a checklist) allegedly bear the "forged" initials of Plaintiff. Plaintiff alleges that Magistrate Judge Benso signed Plaintiff's initials. (*Id*.). Plaintiff complains that the "form has my first court appearance date instead of my bail proceeding date and this is to cover up the fraud and forgery that has tooken place." (*Id*.).

Plaintiff alleges that Judge Benso knew Plaintiff was not in "bonding court" on 10/27/2015, but rather, on 10/29/2015. (DE# 6 at 6). Plaintiff then alleges (inconsistently) that he was in "bonding court" on 10/26/2015. (*Id*.). Plaintiff claims that his signatures on the "consent to video conferencing forms" are forged. (*Id*.). He complains that he did not receive a preliminary hearing. Although Plaintiff was represented by appointed counsel in the criminal prosecution against him for credit card fraud, Plaintiff filed a *pro se* motion for discovery. He complains that the presiding judge and prosecutor were aware of such motion, but that his counsel did not "push the issue."

---

[2] Plaintiff was convicted after his guilty plea was accepted by the presiding judge in the Court of Common Pleas, General Sessions, in Georgetown County, South Carolina.

Plaintiff concludes that this is "fraudulent conduct by public officials." (*Id*.). He alleges that in his discovery motion, he "explained how the Clerk of Court, Magistrate Judge, and Officer was involved in the forgery and copied documents in a fraudulent manner." (*Id*. at 14). He complains that the Judge "signed my warrants," the Clerk of Court "filed my motion," and the prosecutor received a "defrauded motion for discovery." (*Id*. at 6). Plaintiff alleges that the "Card Fraud charge number [was] scratched out and the charge number for forgery [was] written on top." (*Id*. at 11). He alleges his counsel knew of these actions, did not speak up, and was therefore "ineffective." (*Id*.). He complains that the prosecutor (Alicia Richardson) "moved forward to prosecute me regardless of this reckless, criminal, and fraudulent conduct." (*Id*.). Plaintiff alleges that "I believe that Albert Kohut, Law Enforcement Officer, John Benso, Magistrate Judge, Alma White, Clerk of Court all worked together to form these unlawful duties."  (*Id*.).

### C. Relief Sought

For relief, Plaintiff wants this Court: 1) to prosecute the defendants; 2) "remove this punishment from me and my record;" and 3) "$3,000,000.00 for pain and suffering, deprivation of rights and actual damages" (DE# 6 at 9, ¶ VI "Relief"). Elsewhere in his Amended Complaint, he demands $1,500.00 for "every day I was incarcerated." (*Id*. at 12).

### II. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

As the *pro se* Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies to this case. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ...

[do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## III. Discussion

### A. Civil Actions under 42 U.S.C. § 1983, Failure to State a Claim

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)). The present Amended Complaint fails to meet this minimal pleading standard.

The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. Even with liberal construction, the present Amended Complaint is subject to summary dismissal for failure to state a plausible claim for relief. *Carter v. Norfolk Comm. Hosp. Assoc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). Plaintiff has not plausibly alleged facts that might shed light on why he believes a purported date discrepancy in some documents resulted in a constitutional violation by each Defendant.

Although Plaintiff complains that he did not receive a preliminary hearing, "[i]t has been a long-standing rule that the return of an indictment by the grand jury eliminates the requirement of holding a preliminary hearing." *United States v. Soriano–Jar quin*, 492 F.3d 495, 502 (4th Cir.2007), *cert. denied*, 552 U.S. 1189 (2008). In South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives indictment before a preliminary hearing is held. Rule 2(b), SCRCrim.P. "The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing." *State v. McClure*, 277 S.C. 432, 289 S.E.2d 158, 160 (1982); *Law v. S.C. Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642, 649 (2006). Records indicate that Plaintiff was indicted on criminal charges by a Grand Jury in the Georgetown County Court of Common Pleas.[3] See Indictment No. 16-GS-2200049.  Plaintiff's allegations therefore fail to a colorable claim for deprivation of constitutional rights. *See, e.g., Reynolds v. Brown*, Case No. 4:15–865–MGL–SVH, 2015 WL 4077168, *2 n.1 (D.S.C. Mar. 5, 2015) (holding that where a plaintiff has been indicted, his "claim that he was denied his right to a preliminary hearing does not state a constitutional claim"), *adopted by* 2015 WL 4078552 (D.S.C. June 30, 2015).

### B. *Heck v. Humphrey* Bars the Requested Relief of Release From Prison

Plaintiff pleaded guilty to credit card fraud and may not challenge his state conviction in this §1983 action. *Griffin v. Baltimore Police Dept*., 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). Although Plaintiff asks this Court to "remove this punishment from me and my record," release from prison and/or expungement of his criminal record are not available remedies under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the United States Supreme Court explained that:

---

[3] See http://public.doc.state.sc.us/scdc-public/inmateDetails. Site checked February 1, 2017.

Page **6** of **14**

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Although Plaintiff appears to complain that the prosecutor and state judge did not respond or rule on his *pro se* discovery motion (which Plaintiff characterizes as a *Brady* motion),[4] nothing in the records suggests that Plaintiff's state conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, under *Heck*, Plaintiff may not obtain release from prison by challenging his conviction in this § 1983 action. *Id.*; *Griffin*, 804 F.3d at 695-96 (relying on *Heck* and affirming dismissal of Plaintiff's suit against detectives for damages under 42 U.S.C. §1983).

The decision in *Griffin* is especially relevant here. In *Griffin*, the plaintiff filed suit against former detectives for damages under 42 U.S.C. § 1983, alleging that the police and prosecution withheld evidence in violation of *Brady v. Maryland* during plaintiff's criminal trial. The district court dismissed the § 1983 case under *Heck*, and the Fourth Circuit Court of Appeals affirmed, concluding that the § 1983 claims were predicated on alleged *Brady* violations which would, if proven, necessarily imply the invalidity of plaintiff's convictions. *Griffin*, 804 F.3d at 695-96. Those convictions had not been reversed on direct appeal, expunged by executive order, declared

---

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963)

invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Under *Heck*, Griffin's conviction (like the present Plaintiff's conviction) could not be collaterally attacked in a § 1983 action. Hence, the present case is subject to summary dismissal.

Moreover, Plaintiff's allegations about a *Brady* violation are not specific, i.e. he does not indicate what evidence was allegedly withheld or how it might have affected his criminal case. Because a *Brady* violation would necessarily imply the invalidity of his conviction, *see United States v. Kelly*, 35 F.3d 929, 938 (4th Cir. 1994), Plaintiff cannot sue the Defendants based on their involvement in his prosecution and conviction in an attempt to obtain release from prison. *Heck* precludes such relief. As a result, this case is subject to summary dismissal as to all Defendants. *See Deleston v. U.S. Dept. of Justice*, 2010 WL 6872294, *3 (D.S.C. March 15, 2010) (summarily dismissing civil action challenging conviction and complaining of *Brady* violation), *adopted by,* 2011 WL 269317 (D.S.C. July 11, 2011), *aff'd by*, 451 F.App'x 285 (4th Cir. Oct. 21, 2011).

### C. **Appointed Counsel is not a State Actor Under § 1983**

Review of the Amended Complaint reflects additional reasons for summary dismissal. "It is well established that attorneys are not state officers, but private persons, for the purpose of the Civil Rights Act." *Kashelkar v. Rubin & Rothman*, 97 F.Supp.2d 383, 390 (S.D.N.Y.)), *aff'd*, 1 F.App'x 7 (2d Cir. 2001), *cert. denied*, 534 U.S. 896 (2001); *see also, e.g., Rogers v. City of West Columbia*, Case No. No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *5 (D.S.C. Aug. 13, 2007) (same). In other words, defense counsel, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a necessary element for a claim brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156, n.2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324, n. 8-16 (1981) (public

defender). Therefore, the Amended Complaint fails to state a claim under § 1983 against Plaintiff's appointed counsel, Wyn Bessent. Summary dismissal is appropriate.

### D. Official Capacity, 11th Amendment Immunity

In his Amended Complaint, Plaintiff indicates that he is suing the Defendants in their official capacities. (DE# 6 at 2, ¶ III). To the extent Plaintiff seeks monetary damages from any state officials in their official capacity, such Defendants are immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Ransom v. Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). Based on sovereign immunity, any state officials sued in their official capacities should be dismissed as parties.

### E. Judicial Immunity for Judge

In their individual capacities, various Defendants are also protected by immunity. Specifically, judges are generally entitled to absolute immunity for their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his [or her] judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Immunity is a threshold issue which should be resolved early in a case. *Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that absolute immunity "is an immunity from suit rather than a mere defense to liability").

Although Plaintiff characterizes the actions of the Defendants (including the presiding judge in Plaintiff's state case) as "fraudulent," absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump*, 435 U.S. at 356–57. Thus, in this § 1983 action, the state judge (Defendant Benso) who presided over Plaintiff's criminal case is entitled to absolute judicial immunity for any claims against him based upon his judicial actions.

### F. Quasi-Judicial Immunity for Clerk of Court

Plaintiff alleges that "my claim on Alma White arose at Georgetown County Clerk of Court, General Sessions Court on 10/23/2015, 10/27/2015, and her Clerk of Court time stamp dates all these documents on 10/30/2015." (DE# 6 at 9-10). County clerks of court are part of the State of South Carolina's unified judicial system. See S.C. Const. Article V, § 24; §§ 14–1–40, 14–17–10, South Carolina Code of Laws (as amended).

Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities as official judicial aides are involved. This derivative immunity is often referred to as quasi-judicial immunity. *See, e.g., Abebe v. Propes*, Case No. 0:11–1215–MBS–PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by*, 2011 WL 2600593 (D.S.C. June 29, 2011); *Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), cert. denied, 137 S.Ct. 183 (2016).. Such immunity has been applied to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Plaintiff's allegations concern whether Defendant Alma White (Clerk of Court) properly time-stamped court forms, i.e. followed the rules of the court or acted pursuant to authority delegated by the court. Plaintiff's characterization of her actions as fraudulent is unavailing. *See, e.g., Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to the state clerk of court for performance of judicially-related duties), *cert. denied*, 552 U.S. 1194 (2008); *Martin v. Rush*, Case No. 13–693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *adopted*, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013). Defendant Alma White (Clerk of Court) is entitled to quasi-judicial immunity for performing her official duties for the court and is entitled to summary dismissal of any claims for monetary damages against her.[5]

### G. Failure to State a Claim Against Prosecutor, Prosecutorial Immunity

The record reflects multiple reasons why any claims against the state prosecutor are subject to summary dismissal. Plaintiff indicates that "my claim on Alicia Richardson arose at the Court of General Session on 12/22/2016 and 5/9/2016." (DE#6 at 10). Plaintiff claims that Deputy Solicitor Alicia Richardson was aware of Plaintiff's *pro se* discovery motion in his criminal case and that this amounted to "fraudulent conduct by public officials." (DE# 6). He complains that the prosecutor received a "defrauded motion for discovery." (*Id*.). Plaintiff does not explain or suggest how the prosecutor's receipt or awareness of such *pro se* motion could amount to "fraudulent

---

[5] Plaintiff does not seek injunctive relief, and moreover, the Defendant Clerk of Court would be protected by quasi-judicial immunity from any such claims. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. *See Robinson v. South Carolina*, No. 4:13-cv-01733-RBH, *3, 2013 WL 4505419 (D.S.C. Aug. 22, 2013); *Gilmore v. Bostic*, 636 F.Supp.2d 496, 506 (S.D.W.Va. 2009) (collecting cases).

conduct." Plaintiff's claims against the prosecutor fail to state a plausible claim for relief. As already discussed, if Plaintiff's allegations are liberally construed as complaining that his *Brady* motion was not successful in his criminal case, Plaintiff may not challenge his conviction here. *Heck*, 512 U.S. at 486-87; *Griffin*, 804 F.3d at 695-96.

Prosecutors (such as Solicitors and Deputy Solicitors) are immune from claims for monetary damages under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006), *cert. denied*, 539 U.S. 915 (2003); *Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (holding that prosecutors "have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond or bail hearings, grand jury proceedings, and pre-trial motions hearings"), *aff'd by* 313 F.App'x 654 (4th Cir. Feb. 26, 2009). Thus, Plaintiff's claims against Defendant Alicia Richardson (Deputy Solicitor) are subject to summary dismissal.

### H.  Relief Sought is Inappropriate

Although Plaintiff asks the Court to "remove this punishment from me and my record," he is seeking relief that is not available or appropriate in this § 1983 action. As already discussed, release from prison and/or expungement of his criminal record are not available remedies under 42 U.S.C. § 1983. *See Heck,* 512 U.S. at 486-87.

To the extent Plaintiff asks this Court to prosecute the Defendants, Plaintiff has no constitutional right to, or any judicially cognizable interest in, the prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution."); *Singleton v. Ten Unidentified U.S. Marshals,* Case No. 2:11–1811–TLW–JDA, 2011 WL 4970779 (D.S.C. Sept. 1, 2011), *adopted by* 2011 WL 5005271 (D.S.C., Oct. 19, 2011).

This Court does not bring criminal prosecutions as a form of relief in civil cases. *See State v. Blakely*, 402 S.C. 650, 658 (2014) (observing that only a prosecutor "has discretion in choosing how to proceed with a case, including whether to prosecute in the first place") (quoting *State v. Langford*, 400 S.C. 421, 435 n. 6 (2012), *cert. denied*, 134 S.Ct. 60 (2013)). Although Plaintiff characterizes the Defendants' acts as criminal behavior, he cannot have this Court prosecute criminal charges against the Defendants, as prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, is within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## IV. Conclusion

In sum, the Amended Complaint 1) attempts to sue state officials in their official capacity, which is barred by Eleventh Amendment immunity; 2) attempts to sue individual defendants protected by judicial, quasi-judicial, or prosecutorial immunity; 3) fails to state a plausible claim under § 1983 against appointed counsel, who was not a "state actor" for purposes of § 1983; 4) fails to state a plausible claim for denial of a constitutional right (i.e. Plaintiff was indicted and not

entitled to a preliminary hearing); and 5) seeks relief that is not appropriate in this § 1983 action (i.e. release from prison, which is precluded by *Heck v. Humphrey*, and prosecution of the Defendants, which is not an available remedy in this civil action). As the Amended Complaint "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief," the Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Amended Complaint (DE# 6) should be **summarily dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

February 2, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).